IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| RIC CLARK, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-519-A |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiffs, Ric Clark ("Clark"), David Ellis ("Ellis"), Weldon Norman ("Norman"), and Claire Wallace ("Wallace"), to certify collective action. Having considered the motion, the response of defendant, City of Fort Worth, plaintiffs' reply, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Plaintiffs Clark, Ellis, and Wallace are retired police officers; Norman is currently employed by defendant in that capacity. Plaintiffs initiated this action by the filing on June 28, 2010, of their original petition in the state district court of Tarrant County. In the petition, plaintiffs allege defendant

violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), by failing to pay them for overtime hours worked at the Fort Worth Convention Center ("Convention Center"), a facility owned by defendant.[1] Plaintiffs ask the court to conditionally certify this action pursuant to 29 U.S.C. § 216(b) and approve notice to be sent to all of defendant's current or former police officers who worked in excess of forty hours in any given week at the Convention Center and/or the Will Rogers Memorial Center within the last three years.

II.

Applicable Legal Standards

The FLSA provides that an employee may maintain an action

> for and in behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). An action brought pursuant to this provision, also called a collective or representative action, follows an "opt-in" rather than an "opt-out" procedure. Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995),

---

[1] The motion seeks class certification as to all officers who worked at either the Convention Center or the Will Rogers Memorial Center. The state court petition, however, raises claims only as to the Convention Center.

overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90 (2003).[2] District courts have the discretion, in an appropriate case, to implement the collective action procedure by facilitating notice to potential plaintiffs, but notice is by no means mandatory. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). The court should conditionally certify a class and order notice only if putative class members are "similarly situated" with the named plaintiffs. 29 U.S.C. § 216(b); Mooney, 54 F.3d at 1213-14.

In Mooney, the Fifth Circuit reviewed two methodologies courts have used in answering the "similarly situated" inquiry. The first methodology is a "two-stage class certification," originally described in Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). Under the Lusardi methodology, "the trial court approaches the 'similarly situated' inquiry via a two-step analysis." Mooney, 54 F.3d at 1213. The first determination is made at the "notice" stage, where

> the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has

---

[2] Although Mooney was an action brought under the Age Discrimination in Employment Act, its reasoning applies in FLSA cases because the ADEA explicitly incorporates § 16(b) of the FLSA. See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995), overruled on other grounds by Desert Palace v. Costa, 539 U.S. 90 (2003).

3

> minimal evidence, this determination is usually made
> using a fairly lenient standard, and typically results
> in conditional certification of a representative class.
> If the district court conditionally certifies the
> class, putative class members are given notice and the
> opportunity to opt-in. The action proceeds as a
> representative action throughout discovery. The second
> determination is typically precipitated by a motion for
> decertification by the defendant. . . .If the claimants
> are similarly situated, the district court allows the
> representative action to proceed to trial. If the
> claimants are not similarly situated, the district
> court decertifies the class, and the opt-in plaintiffs
> are dismissed without prejudice.

Id. at 1213-14 (internal footnotes, quotations, and citations omitted).

The second methodology is typified by Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990). This approach adopts the view that the "similarly situated" inquiry is coextensive with Rule 23 class certification.

While the Fifth Circuit has never specifically endorsed either methodology, it has found a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because class actions under Rule 23 are "opt-out," while those under § 16(b) are "opt-in." LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975). The court stated that "[i]t is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." Id.

4

Here, plaintiffs urge the court to apply Lusardi; defendant does not argue otherwise. The court will thus apply the Lusardi analysis to plaintiffs' motion, noting also that it is the approach most often utilized in the Northern District of Texas and in the majority of cases cited by the parties.

III.

Analysis

As the threshold inquiry in considering whether to certify a collective action, the court must determine whether plaintiffs have met their burden to show there are other employees who are "similarly situated" to the plaintiffs and who may desire to "opt-in." Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991). This court set forth the governing standards in its opinion in Songer v. Dillon Res., Inc., 569 F. Supp. 2d 703 (N.D. Tex. 2008):

> While the plaintiffs' burden at this stage is not onerous, neither is it invisible. Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007). In deciding whether plaintiffs have met their burden, the court "is mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation." Lentz v. Spanky's Rest. II, Inc., 491 F. Supp. 2d 663, 669 (N.D. Tex. 2007) (internal citations omitted). "Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense[ ]." Id. (internal citations and quotations omitted).

5

> At the initial notice stage, plaintiffs must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." <u>H & R Block, Ltd. v. Housden</u>, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (quoting <u>Mooney</u>, 54 F.3d at 1214 n. 8). In making this determination, courts have considered such factors as "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." <u>Id.</u> (internal citations omitted).

<u>Songer</u>, 569 F. Supp. 2d at 706-07.

The court finds that plaintiffs have failed to provide substantial allegations concerning the existence of putative plaintiffs sufficient to warrant certification of a collective action. Clark and Ellis submitted declarations in support of the motion in which each maintains that he scheduled himself and other police officers to work at special events at the Convention Center. Neither Clark nor Ellis, nor any of the other named plaintiffs, alleges any personal experience in scheduling officers for special events at the Will Rogers Memorial Center. Clark and Ellis each allege that the number of officers on the list from which events at the Convention Center are staffed exceeds 200, and each avers that he

> ha[s] had conversations with other police officers who were on the list [he] maintained, who are also interested in joining this action if given the opportunity to opt-in.

6

Pls.' App. to Mot. to Certify Collective Action at 6, 23. Clark and Ellis each allege that he,

> like other officers on the "approved" list, frequently worked beyond the normal 40-hour workweek, but did not receive overtime for any hours of extra work over 40 [he] performed at the [Convention Center].

Id. at 3; see also id. at 21.

Plaintiffs' allegations fall short of their burden to establish the presence of other "similarly situated" employees. Although Clark and Ellis allege they scheduled other officers for special events at the Convention Center, neither alleges any factual basis for their conclusory assertion, above, that other officers on the list worked more than forty hours per week, or that those officers failed to receive overtime pay for hours worked over forty at the Convention Center. Neither Clark nor Ellis allege that they reviewed other officers' regular work hours or payroll records as part of their duties of scheduling officers to work at the Convention Center, or that they personally were involved in the calculation of regular work hours or pay for any other officers, or any other facts as would establish their personal knowledge of those things as they pertain to other officers.

7

Further, although Clark and Ellis allege they personally know of 200 other officers on the list to work at the Convention Center, and that they have had conversations with other officers interested in joining this action, only two additional non-party declarations are provided from officers expressing an interest in joining this action: those of Bruce Blaisdell ("Blaisdell") and Mark Hukel ("Hukel"). Plaintiffs have presented no evidence that any of the other 200 prospective plaintiff officers would actually opt in given the opportunity. See, e.g., Songer, 569 F. Supp. 2d at 707-08 (denying certification where plaintiffs' affidavits identified only three potential plaintiffs); Stiles v. FFE Transp. Servs., Inc., 2010 WL 935469 (N.D. Tex. Mar. 15, 2010) (denying certification where only four potential plaintiffs identified); Lentz, 491 F. Supp. 2d at 669 (denying class certification where plaintiff provided only conclusory allegations of other potential plaintiffs).

"[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." Parker, 492 F. Supp. 2d at 1165 (emphasis in original). While Clark, Ellis, Norman, and Wallace have in their declarations alleged facts to state his or her own claim against defendant for

unpaid overtime,[3] they have done little more than allege the existence of potentially similarly situated employees, and their declarations fail to adequately support conditional class certification.

While other issues raised in response to the motion may also preclude conditional certification, the court need not reach those issues here. Further, as Blaisdell and Hukel have notified defendant and the court via their declarations that they wish to become party-plaintiffs, the court will afford them ten days from the date this order is signed to file their written consent.

Therefore,

The court ORDERS that plaintiffs' motion to certify collective action be, and is hereby, denied.

The court further ORDERS that Blaisdell and Hukel, if they wish to join the litigation as plaintiffs, file their written consent to that effect by 3:00 p.m. on January 21, 2011.

SIGNED January 11, 2011.

_____
JOHN McBRYDE
United States District Judge

---

[3] The court expresses no opinion as to the merits or validity of such a claim as to any plaintiff.