

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 9 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RIC CLARK, ET AL., §
§
Plaintiffs, §
§
VS. § NO. 4:10-CV-519-A
§
CITY OF FORT WORTH, §
§
Defendant. §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment

filed in the above action by defendant, City of Fort Worth.

Having now considered the motion, the response of plaintiffs, Ric

Clark ("Clark"), David Ellis ("Ellis"), Weldon Norman ("Norman"),

and Claire Wallace ("Wallace"), defendant's reply, the entire

summary judgment record, and applicable legal authorities, the

court concludes that the motion should be granted.[1]

I.

Plaintiffs' Claims

Plaintiffs initiated this removed action by the filing on

June 28, 2010, of their original petition in the District Court

of Tarrant County, Texas, 141st Judicial District; plaintiffs

---

[1]Defendant also filed its objections and motion to strike portions of plaintiffs' summary judgment evidence. Rather than rule on the motion, the court will give the disputed evidence whatever weight and consideration it deserves.

filed their amended petition on July 9, 2010. Plaintiffs allege

that while working as police officers for defendant, they also

worked as security officers at two facilities owned by defendant,

the Fort Worth Convention Center ("FWCC") and the Will Rogers

Memorial Coliseum ("WRMC") (collectively, "Facilities"), but that

defendant failed to pay them overtime compensation when their

combined off-duty hours and regular-duty hours exceeded forty

hours per week, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 207.

## II.

### The Motion for Summary Judgment

Defendant argues for summary judgment on the ground that the

"special detail" exemption found in 29 U.S.C. § 207(p) allows it

to exclude plaintiffs' off-duty hours from the total hours worked

for overtime purposes.

## III.

### Undisputed Facts

The following facts are undisputed in the summary judgment

record:

Defendant is a home-rule municipal corporation formed under

state law. Plaintiffs are all retired Fort Worth police

officers.

Defendant affords its police officers the opportunity to earn extra income by performing assignments during their off-duty hours. Section 407.00 of the police department's General Orders, titled "Off-Duty Police Employment," explains defendant's general policy regarding off-duty assignments and establishes the procedures officers must follow to participate in such assignments. Any officer who wishes to perform off-duty work must follow the established procedures whether the anticipated off-duty employment is on public or private property.

An officer interested in off-duty employment must complete the required application and submit it to his or her supervisors. The application then proceeds through multi-step reviews up the officer's chain of command. If the application is ultimately approved, the officer is added to a list of officers approved for off-duty assignments maintained by the police department. Once approved, officers may only work off-duty assignments at approved locations. Officers who are on limited-duty status are prohibited from working off-duty assignments.

Each of the plaintiffs worked off-duty assignments while employed by defendant as police officers; Clark and Ellis also scheduled officers for off-duty assignments. Although defendant approves the applications of officers who wish to be included on

the off-duty assignment list, once an officer's name is on the

list, he or she decides whether to accept or reject a particular

off-duty assignment.  Officers can and do reject off-duty

assignments without fear of reprisal.  No officer has been

disciplined for rejecting an off-duty assignment, and neither

Clark nor Ellis ever recommended disciplinary action against an

officer for rejecting an off-duty assignment.

Defendant leases or rents the Facilities to public and

private third parties ("Licensees") for use in a variety of

events, including such examples as a charity ball, a bridal show,

dog shows, a miniature horse show, concerts, corporate

gatherings, and similar events.

The Licensees at issue in this case are entities and

individuals who are legally separate from, and in no way

affiliated with, defendant.[2]  The Licensees may sue and be sued

on their own behalf; none participate in defendant's payroll,

personnel, retirement, or budget systems or processes.  To the

extent any of the Licensees have retirement systems or budgets,

---

[2]Plaintiffs in their response also allege that defendant uses off-duty officers at its recreation centers, such as softball fields, and that off-duty officers at those facilities receive overtime pay.  This assertion is based on a statement in Clark's affidavit.  Clark testified, however, that he had not worked at a recreation center during the time period relevant to this action and had no personal knowledge of how off-duty hours worked at such a location were treated for overtime purposes.  Rather, Clark's knowledge of those subjects came from what others told him.  Statements in an affidavit not based on personal knowledge are not competent summary judgment evidence.  See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc., 831 F.2d 77, 80-81 (5th Cir. 1987).

they are separate and distinct from defendant's.

Prior to renting or leasing the Facilities, a Licensee enters into a written contract with defendant. The contract requires the Licensee to comply with all "federal, state, and local laws, statutes including all ordinances, charter provisions, rules and regulations of the City of Fort Worth; including all rules, regulations and/or requirements of the City of Fort Worth Public Events, Police and Fire Departments." App. to Def.'s Br. in Supp. of Mot. for Summ. J. at 207, 215. Of particular pertinence here, the contracts and the Guidelines and Regulations for the Facilities require the Licensee, at its "sole cost and expense," to provide security personnel comprised of "off-duty Fort Worth Police Officers." Id. at 204, 214, 230, 271. A Licensee is additionally required to provide security in the form of off-duty police officers for the Licensee's move-in/move-out of the Facilities, or any time alcohol is served.

When contracting for use of the Facilities, Licensees generally work directly with event coordinators employed by defendant. Licensees do not contract directly with the police officers. Defendant determines the minimum number of off-duty officers required for an event; however, the Licensee is then afforded an opportunity to provide input as to its specific

requirements, such as any additional officers needed above the minimum, specific locations at the event where the officers are to be stationed, and the officers' start and end times. A form summarizing the Licensee's requirements is prepared and submitted to the Licensee to approve or make such changes as the Licensee desires. When all requested changes are made, or if no changes are made, the Licensee is required to sign a form indicating its final approval of the number of officers to be used for the event, the officers' work schedule, the amount of the officers' pay, and the time frame within which payment is to be made.

Licensees are responsible for paying the off-duty officers directly. On the majority of occasions the Licensees issue checks, drawn on the Licensees' bank accounts, directly to the police officers who performed the off-duty assignment. On occasion, a Licensee has issued a single payment to the FWCC, which then paid the individual officers. Licensees require the off-duty officers to provide their tax identification numbers and execute an IRS Form W-9 prior to issuing payment. Defendant does not maintain a record of the hours officers work in off-duty assignments, nor does it report those wages to any taxing authority such as the Internal Revenue Service.

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324. <u>See also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead

a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there

is no genuine dispute for trial and summary judgment is

appropriate.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 587, 597 (1986).

V.

<u>Analysis</u>

A.  <u>Legal Framework</u>

The FLSA requires employers to compensate employees for all

hours worked over forty each week at the rate of one and one-half

times their regular rate.  29 U.S.C. § 207(a)(1).  This right is

not unlimited, however, as the FLSA also specifically exempts

certain employers and/or employees from its overtime

requirements.  Such exemptions are to be narrowly construed.

<u>Mitchell v. Kentucky Fin. Co.</u>, 359 U.S. 290, 295 (1959).  The

employer bears the burden to establish the exemption.  <u>Blackmon</u>

<u>v. Brookshire Grocery Co.</u>, 835 F.2d 1135, 1137 (5th Cir. 1988)

(internal citation omitted).

The exemption at issue here, referred to as "special

detail," provides:

> (p) Special detail work for . . . law enforcement
> employees; occasional or sporadic employment;
> substitution
> (1) If an individual who is employed by a State,

8

political subdivision of a State, or an interstate governmental agency in . . . law enforcement activities (including activities of security personnel in correctional institutions) and who, solely at such individual's option, agrees to be employed on a special detail by a separate or independent employer in . . . law enforcement, or related activities, the hours such individual was employed by such separate and independent employer shall be excluded by the public agency employing such individual in the calculation of the hours for which the employee is entitled to overtime compensation under this section if the public agency--

    (A) requires that its employees engaged in . . . law enforcement, or security activities be hired by a separate and independent employer to perform the special detail,

    (B) facilitates the employment of such employees by a separate and independent employer, or

    (C) otherwise affects the condition of employment of such employees by a separate and independent employer.

29 U.S.C. § 207(p)(1).

The Department of Labor ("DOL") regulations implementing § 207(p)(1) explain that the special detail exemption applies to off-duty employment by law enforcement personnel when "(1) [t]he special detail work is performed solely at the employee's option, and (2) the two employers are in fact separate and independent." 29 C.F.R. § 553.227(b). The regulations further provide that:

    (d) The primary employer may facilitate the employment or affect the conditions of employment of such employees. For example, a police department may maintain a roster of officers who wish to perform such

9

work. The department may also select the officers for special details from a list of those wishing to participate, negotiate their pay, and retain a fee for administrative expenses. The department may require that the separate and independent employer pay the fee for such services directly to the department, and establish procedures for the officers to receive their pay for the special details through the agency's payroll system. Finally, the department may require that the officers observe their normal standards of conduct during such details and take disciplinary action against those who fail to do so.

Id. at § 553.227(d). The regulations also allow the primary employer to prohibit or restrict off-duty employment. Id. at (h). Against this framework, the court considers whether defendant has established applicability of the special detail exemption.

B.   Off-Duty Work is Performed Solely at Employee's Option

Defendant contends it has established the first prong because no officer is required to perform off-duty assignments. Rather, each individual officer voluntarily applies to be considered for off-duty assignments, and, once approved and included on the off-duty assignment roster, only the officer decides whether to accept or reject a particular off-duty assignment. Just as no officer is required to apply for inclusion on the off-duty roster, no officer is required to accept a particular assignment, and the undisputed evidence confirms that no officer was recommended for, or received,

disciplinary action for refusing an off-duty assignment.

Plaintiffs concede that once on the approved list each officer makes the decision whether to accept or reject a proffered off-duty assignment. Plaintiffs contend, however, that defendant's control of the approval process precludes a finding that off-duty work occurs "solely" at the officer's option.

Plaintiffs focus heavily on the language "solely at such individual's option" found in § 207(p)(1), and cite the following as "barriers" to this requirement: officers must submit an application to be included on the off-duty roster; the application proceeds through a multi-step evaluation and approval process before the officer is approved; approval is subject to withdrawal; officers on limited-duty status are prohibited from accepting off-duty assignments; in a few instances supervisors select the off-duty officers; and officers may only work at approved locations. Plaintiffs additionally claim that requiring all Licensees to hire off-duty police officers renders such assignments mandatory rather than voluntary.

All of the alleged "barriers" fail when considered in light of the clear language of the DOL's regulations on special detail, cited <u>supra</u>. The only reasonable conclusion that can be reached by the "facilitate" or "affect the conditions of employment"

11

language in § 553.227(d) is that the "special detail" exemption was never intended to provide officers free and unfettered discretion with respect to off-duty employment, as plaintiffs seem to suggest. Rather, it is apparent that the regulations intended to allow the primary employer some authority and control over the off-duty assignments of its police officers. All of the "barriers" alleged by plaintiffs appear to be within the bounds of "facilitat[ing]" or "affect[ing] the conditions" of off-duty employment as contemplated by the regulations. See Specht v. City of Sioux Falls, 639 F.3d 814, 820-21 (8th Cir. 2011) (finding off-duty employment by firefighters voluntary under § 207(p) even though defendant's policy allowed it to require the off-duty work if necessary, and even though firefighters who refused were moved to the bottom of the list). Plaintiffs have directed the court to no authority holding otherwise.

Nor does requiring Licensees to use off-duty officers as security at the Facilities defeat the special detail exemption. Section 553.227(e) expressly applies the exemption to circumstances where state or local laws or ordinances mandate that police officers provide security at events. That defendant requires its Licensees to hire off-duty officers is not tantamount to a requirement that every officer must work those

12

assignments. Defendant has established that off-duty work is performed "solely at the employee's option."

C.    Off-Duty Work is for Separate and Independent Employers

Defendant contends, and plaintiffs concede, that defendant and the Licensees are separate and independent. Plaintiffs instead maintain that defendant, through the Facilities, is both the primary and off-duty employer. The court finds this argument unavailing.

Although neither the statute nor regulations defines "separate and independent," courts frequently consider six factors derived from a DOL opinion letter in making such a determination.[3]  Defendant successfully applied these factors to show that the Licensees are separate and independent from defendant. Plaintiffs, however, fail to adduce summary judgment evidence or even explain how application of these factors raises a fact issue regarding the identity of the off-duty employer.

Plaintiffs rely on Baltimore County FOP Lodge 4 v. Baltimore County, 565 F. Supp.2d 672, 678 (D. Md. 2008), Murphy v. Town of

---

[3]The factors are whether the employers: (1) maintain separate payrolls, (2) deal with other employers at arms' length concerning the employment of any individual, (3) have separate budgets and (4) separate retirement systems, (5) are independent entities under state law, and (6) can sue and be sued in their own names. See Baltimore Cnty. FOP Lodge 4 v. Baltimore Cnty., 565 F. Supp.2d 672, 678 (D. Md. 2008) (citing Dep't of Labor Op. Ltr., WH-535, 1985 WL 1087362 (Oct. 10, 1985)); Jackson v. City of San Antonio, No. SA-03-CA-0049-RF, 2006 WL 2548545 (W.D. Tex. Aug. 31, 2006).

Natick, 516 F. Supp.2d 153 (D. Mass. 2007), and Cox v. Town of Poughkeepsie, N.Y., 209 F. Supp.2d 319 (S.D.N.Y. 2002), to support their contention that defendant is the real off-duty employer. Such reliance is misplaced. In each case cited the purported "separate and independent" employer was also a governmental entity affiliated with the primary governmental employer. For example, in Baltimore County, police officers performed off-duty work for the county Board of Education. 565 F. Supp.2d at 674. In Murphy, the off-duty employers were the town recreation department, the town Department of Public Works, and the town's high school. 516 F. Supp.2d at 157. In Cox, the officers performed off-duty work as security officers for the Town Court. 209 F. Supp.2d at 321. None of these cases involved the facts and circumstances present in the instant action.

Plaintiffs again cite a list of facts they contend demonstrates that defendant is the true off-duty employer, and maintain that although the regulations "naturally envision the police department playing a role in facilitating off-duty employment," here, it is defendant's "Facility management via Event Coordinators and Public Events directors--not the police department--" that controls the off-duty assignment process. Br.

14

in Supp. of Pls.' Resp. to Def.'s Mot. for Summ. J. at 13.

The regulations again foreclose plaintiffs' argument, as they expressly contemplate that the "primary employer"--not limited to a "police department"--may facilitate off-duty assignments or affect the conditions of off-duty employment, including selecting officers to participate, negotiating their pay, and requiring certain standards of conduct. 29 C.F.R. § 553.227(d). All of the acts which plaintiffs contend prove that defendant is the off-duty employer are reasonably within the bounds of § 553.227(d) and do not raise a fact issue that defendant is the off-duty employer. See Jackson v. City of San Antonio, 2006 WL 2548545 (W.D. Tex. Aug. 31, 2006).

Plaintiffs also point to defendant's practice of providing workers' compensation coverage for officers working off-duty assignments as proof that defendant is the off-duty employer. This fact is immaterial, as the DOL has approved such a practice under similar circumstances.[4] Dep't of Labor Op. Ltr., FLSA2006-13, 2006 WL 1488847 (Apr. 28, 2006).

It also appears that plaintiffs are cherry-picking select

---

[4]DOL opinion letters, while not controlling or entitled to deference, are "entitled to respect" to the extent they are persuasive or offer guidance. Christensen v. Harris Cnty., 529 U.S. 576, 587 (2000); Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).

lines and phrases from the General Orders and the Licensees'

contracts to bolster their argument that defendant controls the

off-duty officers' employment. When considered in light of all

the evidence, however, there simply is no question that the

Licensees control the off-duty officers' employment, and that the

Licensees, rather than defendant, are the "separate and

independent" off-duty employers.

The court concludes that defendant has carried its burden to

establish the "special detail" exemption.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary

judgment be, and is hereby, granted, and that all claims and

causes of action brought by plaintiffs, Clark, Ellis, Norman, and

Wallace, against defendant, City of Fort Worth, be, and are

hereby, dismissed with prejudice.

SIGNED July 29, 2011.

JOHN McBRYDE
United States District Judge